THOMAS F. WILLIAMS v. AETNA FIRE ASSN. (RECR.).

INSURED NOT ESTOPPED BY ACCEPTING POLICY, WHEN.

A mutual fire insurance company issuing a policy without the word "mutual"
conspicuously printed therein, as provided by Rev. Stat. 3653 (Lan. 5864),
and inducing its acceptance by falsely and fraudulently representing that
there would be no contingent liability thereon, acts unlawfully and com-
mits a fraud upon persons induced thereby to enter into an agreement
with the company. Hence, where the insured informed the agent of a
company that he would not accept a policy in a mutual company, or in a
company wherein there was such contingent liability for future assess-
ments and there was sent him through said agent, a paper writing, in
form and appearance like unto a standard cash policy of insurance, which
was received by him after paying the sum specified therein as the cash
premium, and placed with other like papers without critical inspection,
where it remained until he received notice to pay an assessment there-
under, several months later, he did not enter into an undertaking to ac-
cept such policy, nor is he estopped from denying liability thereunder.

[Syllabus approved by the court.]

ERROR to Stark common pleas court.

**Webber & Turner,** for plaintiff in error.
**Shields & Pomerene,** for defendant in error.

## DONAHUE, J.

This proceeding in error is prosecuted to reverse a judgment ren-
dered against the plaintiff in error in the court of common pleas of this
county.

The case was submitted to the court, without the intervention of a
jury, and after hearing the testimony, a judgment was rendered against
plaintiff in error, which is now sought to be reversed.

The record discloses that the plaintiff in error was solicited by the
agent of the defendant in error to take insurance in the defend-
ant company. It is claimed on his behalf that he distinctly refused to
take any insurance in any mutual association, or any company in which
there was a contingent liability for future assessments.

This agent then represented that the Aetna Fire Association was a
strictly cash company; that it issued a policy for a sum named therein
as premium, and that there was no contingent liability for future as-
sessments.

4 .

## Stark County.

The record further shows that the plaintiff in error informed the agent of the company that he would not accept a policy in a mutual company, or a company wherein there was such contingent liability for future assessment. This, in substance, is the record of what transpired between the agent of the company and the plaintiff in error at the time he agreed that a policy of the kind that was represented to him, might be issued, and that he would accept and pay for the same.

The record further shows that some time thereafter there was sent to him through said agent, a paper writing in form and appearance like unto a standard cash policy of insurance, which was received by him, the sum specified therein as the cash premium, was thereupon paid by him, and he placed the same with his other papers in the desk, without giving it a critical and minute examination.

The record further shows that within a year, upon a notice of assessment being sent to him, he appealed to the agent soliciting the insurance, and was informed that he, the agent, as well as the plaintiff in error, had been deceived in respect to the character of the instrument or policy so delivered to him, and that he, the agent, had canceled said policy, and thereupon the plaintiff in error substituted other insurance for the insurance that was supposed to be covered by the policy in question.

It is now claimed by the plaintiff in error that the inducements, representations and statements of the agent of the company were false and fraudulent in respect to the kind and character of policy which the company issued.

It is further claimed that the company was not authorized, under its charter, to issue a policy such as was issued to the plaintiff in error herein; that by failing to comply with the statute, Rev. Stat. 3653 (Lan. 5864), in having printed conspicuously upon the policy the word "mutual," or having the word "mutual" printed in the policy, the act of issuing such contracts of insurance and inducing their acceptance, was unlawful, and a fraud upon persons induced thereby to enter into an engagement with this company; that by omitting the word "mutual," and by permitting these representations to be held out, persons were induced to accept contracts of insurance that they otherwise would not have accepted.

On the other hand, it is contended that the plaintiff in error accepted this instrument with an opportunity to investigate, retained the same for so long a time that he is now estopped from denying liability thereunder, and is concluded by the recitals contained in the same.

With the conclusions of the trial court in this case we are not in

.accord. We think, first, that the plaintiff in error negotiated with the agent for a cash policy, and the record distinctly shows that he engaged to enter into a contract wherein he would become insured in a company issuing a policy, the premium on which was for a fixed sum, and under which there would be no contingent liability. So that he never entered into any engagement or undertaking to receive and accept a policy of the kind or character that was thereafter delivered to him.

This brings us to the second consideration: Does the mere fact of accepting a policy or instrument of this kind and retaining it for the time indicated in this record, estop him now from denying that he was a member of said company, or that he had accepted and thereby impliedly was bound to pay such sums as might be assessed thereafter under and by virtue of its provisions?

We think there is enough shown in this record, calculated and intended to mislead, that this company cannot now say that the plaintiff in error was estopped.

It is conceded that the defendant here did not sign the constitution and by-laws of this company, but it is claimed, under authority of *Richards* v. *Lipp Co.* 69 Ohio St. 359 [69 N. E. Rep. 616; 100 Am. St. Rep. 679], that having accepted the policy and held the same for a considerable length of time he cannot avail himself of this defense, and that would be true if he accepted the policy with knowledge of its true character and the provisions contained therein, or accepted it under such conditions that he would be required as a matter of law to know its contents, but if he was deceived by the representations of the agent as to the kind and character of the policy that was to be issued to him, and these false representations were followed by the delivery of the policy, which upon its face is calculated to deceive and defraud the purchaser of insurance and induce him to believe that it is to all intents and purposes the contract of insurance that he has agreed to purchase, then a very different question arises. Must he be required, under any and all circumstances fully to advise himself of each and every covenant in the written contract presented to him, or may he be permitted to rely upon the representations of the agent of the company and those portions of the written policy made prominent and conspicuous therein in such a form as would be, and as we believe were in fact made, for the purpose of deceiving.

This policy purports on its face to insure the defendant's property for one year from its date for a sum fixed and certain. True, it is re-·cited, also, that the other conditions and covenants written therein shall

obtain, but that is true of every standard policy written for cash premiums and without any contingent liability for future assessments, so that there was nothing extraordinary to call his attention to the fact that the policy was not the character of contract he had made with the agent. In fact, no more clever method could have been devised for misleading the average business man and preventing him from reading the entire policy than by the adoption of what is known as the standard policy, with the sole exception of writing into it a contract of contingent liability, and to our minds it sufficiently excuses the defendant from searching through all the labyrinth of covenants to discover the contingent obligation hidden therein, and this case, by no means, measures up with the doctrine of estoppel in Ohio, for the very first requisite of such estoppel is either actual knowledge on the part of the individual sought to be estopped, or such conduct and negligence on his part as would preclude him from claiming that he had no such knowledge, and again it is true that such negligence must not be induced by the fraud or representations of the other contracting party, and if so, it will be of no avail.

True, it is contended that the rights of third persons have intervened. This record fails to disclose, as we take it, that there was anyone who became a member of this association, who incurred any rights, or who are entitled to recover in consequence of their reliance upon this plaintiff in error's being a member of said association, or of holding this policy the length of time which he did hold it, and in consequence thereof became a creditor or obtained any rights against this company.

Neither does the record show, as we have examined it, that anyone became a member of this association after the date of the delivery of this policy to the plaintiff in error. If they became members of this association before, then they could not rely upon the plaintiff in error, nor could the rights of any third persons have intervened.

We think that to hold the plaintiff in error herein, must be upon the ground of estoppel,—and the petition is based upon that ground,—that the plaintiff in error received and accepted this policy of insurance and became bound by its terms; that there must have been rights which accrued in favor of persons in consequence of the conduct of the plaintiff in error, which we think this record does not show; that the plaintiff in error must, with knowledge, or with such facts as now in good faith preclude him from denying that he had knowledge of the contents of said instrument, have accepted the same, and thereafter retained the same for so long a time that he cannot now be heard to

Williams v. Fire Association.

say that he was deceived thereby. We do not think that the evidence in this case contains or has probative force enough to meet these conditions; and as it appeals to us, we think the judgment of the court of common pleas was manifestly against the weight of the evidence, and was contrary to the evidence and to the law of the case.

Upon this ground it is the judgment of this court that a new trial should have been granted, and there was error in the court in overruling the same.

The judgment of the court of common pleas will be reversed on the ground indicated, and the cause remanded for further proceedings according to law. Exceptions will be noted on behalf of the defendant in error.

McCarty and Taggart, JJ., concur.